# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBEN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6935 | **DATE** | December 21, 2007 |
| **CASE TITLE** | Michael Williams (K-98106) v. State/I.D.O.C. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $ 1.52 from plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff Michael Williams is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $ 1.52. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A(b)(1), the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff alleges that on June 22, 2007, he had a preliminary hearing for catching a criminal charge while on parole. While going over his paperwork, he discovered an error made with his release date stating August 7, 2007 and his sentence expiration date stating August 24, 2008. At the next several hearings, Plaintiff pointed out the error in his release date and was continually told that it would be corrected. He claims that his release date should be August 25, 2006, and his discharge from parole should be August 24, 2007. Instead, he is being held until January 20, 2008. Plaintiff seeks conpensatory and punitive damages for the time he claims he is being held beyond his release date.

The Due Process Clause of the Fourteenth Amendment provides that "no state shall deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Due Process Clause confers both procedural and substantive rights. *See United States v. Salerno*, 481 U.S. 739, 746 (1987). However, procedural due process does not protect "against all deprivations of life, liberty, or property by the state." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981). Rather, it "only protects against deprivations without due process of law." *Id.* (quotations omitted).

In *Toney-El v. Franzen*, 777 F.2d 1224, 1227-1228 (7th Cir. 1985), the Court of Appeals held that because the State of Illinois provided an adequate remedy for plaintiff's claim that he had mistakenly been held beyond his term of imprisonment, his due process rights had not been violated. *See also Thompson v. Sheahan*, No. 00 C 3772, 2001 WL 204774 (N.D.Ill. Mar. 1, 2001, Castillo, J.) (plaintiff had adequate state law remedy for claim that sheriff held him 14 hours past "time served"); *but see Fuentes v. Sheahan*, No. 03 C 4892, 2004 WL 1611607 (N.D.Ill. Jul. 19, 2004, Aspen, J.) (plaintiff stated due process claim for county policy of detaining inmates beyond release dates).

In the instant case, Plaintiff has the remedy of the state law tort of false imprisonment which provides him with an adequate procedural safeguard. *Toney-El*, 777 F.2d. at 1228 (7th Cir.1985). If Plaintiff wishes to pursue his claim of being imprisoned beyond his out date, he may bring a state law action for false imprisonment in the Illinois Court of Claims.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).